UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

Jamayia Richardson (a minor)
and other similarly situated individuals,

      Plaintiff(s),

v.

US Leader Restaurants, LLC
a/k/a Taco Bell

      Defendant,

_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Jamayia Richardson, and other similarly situated

individuals, by and through the undersigned counsel, and hereby sues Defendant

US Leader Restaurants, LLC, a/k/a Taco Bell, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid wages and

   retaliation under the laws of the United States. Accordingly, This Court has

   jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219

   (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Jamayia Richardson is a resident of Clay County, Florida, within the jurisdiction of this Honorable Court and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant US Leader Restaurants, LLC, a/k/a Taco Bell (from now on Taco Bell, or Defendant) is a Florida Limited Liability Company having a business in Clay County, Florida, where Plaintiff worked for Defendant.

4. All the actions raised in this Complaint occurred in Clay County, Florida, within this Court's jurisdiction.

## General Allegations

5. Plaintiff Jamayia Richardson brings this cause of action as a collective action to recover from the Defendant minimum wages, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked for Defendant during one or more weeks on or after May 2022, (the "material time") without being adequately compensated.

6. Defendant Taco Bell is a fast-food chain restaurant serving Mexican food. Defendant Taco Bell has a fast-food restaurant located at 1635 County Rd, # 220, Fleming Island, Florida, where Plaintiff worked.

7. Defendant Taco Bell employed Plaintiff Jamayia Richardson as a non-exempted cashier, and restaurant employee from May 12, 2022, to May 21, 2022, or one week. Plaintiff's regular rate was $11.00 an hour.

8. During her employment with Defendant, Plaintiff worked five days per week, five hours daily, or 25 hours weekly.

9. On or about May 21, 2022, Plaintiff did not receive her paycheck. Plaintiff complained to her manager and requested to be paid for her work. As a result, Defendant fired Plaintiff without paying her hard-earned wages.

10. Plaintiff tried to collect her wages, but she was told that corporate had to do paperwork, and corporate said that the manager had to do paperwork, and no one ever paid her.

11. Plaintiff did not clock in and out, but she signed timesheets, Defendant was in complete control of Plaintiff's schedule, and it knew that Plaintiff worked that week about 25 hours.

12. Therefore, Defendant willfully failed to pay Plaintiff regular hours in violation of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

13. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate about her unpaid working hours.

14. Plaintiff Jamayia Richardson seeks to recover regular minimum wages, retaliatory damages, liquidated damages, and any other relief as allowable by law.

### Collective Action Allegations

15. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

16. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular hour as required by the FLSA.

17. This action is intended to include every cashier, restaurant employee, and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

### COUNT I:
### FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE

18. Plaintiff Jamayia Richardson re-adopts every factual allegation stated in paragraphs 1-12 of this Complaint as if set out in full herein.

19. Plaintiff Jamayia Richardson brings this action to recover from the Employer Taco Bell unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the

provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

20. Defendant Taco Bell was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant is a Mexican Restaurant, and through its business activity, affects interstate commerce. Defendant has more than two employees recurrently engaged in commerce or the production of goods or services for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

21. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a restaurant employee, and through her daily activities as a cashier, she handled credit card transactions and was individually engaged in interstate. Therefore, there is FLSA individual coverage.

22. Defendant Taco Bell was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

23. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

     (1) except as otherwise provided in this section, not less than—

      (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

      (B) $6.55 an hour, beginning 12 months after that 60th day; and

      (C) $7.25 an hour, beginning 24 months after that 60th day

24. Defendant Taco Bell employed Plaintiff Jamayia Richardson as a restaurant employee from May 05, 2022, to May 21, 2022, or one week. Plaintiff's regular rate was $11.00 an hour.

25. During her employment with Defendant, Plaintiff worked five days per week, five hours daily, or 25 hours weekly.

26. On or about May 21, 2022, Plaintiff did not receive her paycheck. Plaintiff complained to her manager and requested to be paid for her work. As a result, Defendant fired Plaintiff without paying her hard-earned wages.

27. Plaintiff tried to collect her wages, but she was told that corporate had to do paperwork, and corporate said that the manager had to do paperwork, and no one ever paid her.

28. There is a substantial number of hours that never were to Plaintiff at any rate, not even the minimum wage rate as required by law.

29. Plaintiff did not clock in and out, but she signed timesheets, Defendant was in complete control of Plaintiff's schedule, and it knew that Plaintiff worked that week about 25 hours.

30. Therefore, Defendant willfully failed to pay Plaintiff her regular wages in violation of the Fair Labor Standards Act.

31. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

32. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

33. Before the completion of discovery, and to the best of Plaintiff's knowledge,

    at the time of the filing of this Complaint, Plaintiff's reasonable faith estimate

    of unpaid wages are as follows:

    * Florida's minimum wage for the relevant employment time (2022) is $10.00, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. Total amount of alleged unpaid wages:

       Two Hundred Fifty Dollars and 00/100 ($250.00)

    b. Calculation of such wages:

       Total weeks of employment: 1 week
       Total relevant week:  1 week
       Total hours worked:  25 hours weekly
       Total number of unpaid weeks: 1 week
       Regular rate:  $11.00
       Florida Minimum wage 2022: $10.00 an hour

       $10.00 x 25 hours=$250.00

    c. Nature of wages:

       This amount represents the unpaid minimum wages in Florida
        minimum wage rate.

34. Defendant Taco Bell unlawfully failed to pay Plaintiff minimum wages.

35. Defendant knew and showed reckless disregard of the provisions of the Act

    concerning the payment of minimum wages as required by the Fair Labor

    Standards Act and remains owing Plaintiff and those similarly situated

    these minimum wages since the commencement of Plaintiff and those

similarly situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

36. Defendant Taco Bell willfully and intentionally refused to pay Plaintiff minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages.

37. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

## Prayer for Relief

Wherefore, Plaintiff Jamayia Richardson and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Jamayia Richardson and against Defendant Taco Bell based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just

and/or available pursuant to Federal Law.

### Demand for a Jury Trial

Plaintiff Jamayia Richardson and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

### COUNT II:
### FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3

38. Plaintiff Jamayia Richardson re-adopts every factual allegation stated in paragraphs 1-14 of this Complaint as if set out in full herein.

39. Defendant Taco Bell was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant is a Mexican Restaurant, and its business activity affects interstate commerce. Defendant has more than two employees recurrently engaged in commerce or the production of goods or services for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

40. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a restaurant employee, and

through her daily activities as a cashier, she handled credit card transactions and was individually engaged in interstate. Therefore, there is FLSA individual coverage.

41. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

42. 29 USC § 206 (a) (1) states, "….an Employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

43. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,.."

44. Defendant Taco Bell employed Plaintiff Jamayia Richardson as a restaurant employee from May 05, 2022, to May 21, 2022, or one week. Plaintiff's regular rate was $11.00 an hour.

45. During her employment with Defendant, Plaintiff worked five days per week, five hours daily, or 25 hours weekly.

46. On or about May 21, 2022, Plaintiff did not receive her paycheck. Plaintiff complained to her manager and requested to be paid for her work.

47. This complaint constituted protected activity under the FLSA.

48. However, as a direct result of Plaintiff's complaint, Defendant fired Plaintiff without paying her hard-earned wages.

49. There is a substantial number of hours that never were paid to Plaintiff at any rate, not even the minimum wage rate as required by law.

50. Plaintiff did not clock in and out, but she signed timesheets, Defendant was in complete control of Plaintiff's schedule, and it knew that Plaintiff worked that week about 25 hours.

51. Therefore, Defendant willfully failed to pay Plaintiff her regular wages in violation of the Fair Labor Standards Act.

52. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than unlawful employment practices or retaliation to discharge Plaintiff.

53. There is close proximity between Plaintiff's protected activity and her discharge.

54. The motivating factor which caused Plaintiff's termination, as described above, was her complaints seeking unpaid overtime wages from Defendant. In other words, Plaintiff would not have been discharged but for her complaints about unpaid overtime wages.

55. Defendant's termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and as a direct result, Plaintiff has been damaged.

56. Plaintiff Jamayia Richardson has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

Prayer for Relief

Wherefore, Plaintiff Jamayia Richardson respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant Taco Bell that Plaintiff Jamayia Richardson recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order Defendant Taco Bell to make whole Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E.  Plaintiff Jamayia Richardson further prays for such additional relief as the

    interests of justice may require.

Demand for a Jury Trial

Plaintiff Jamayia Richardson demands trial by a jury of all issues triable as a right

by a jury.

Date: December 31, 2022

> Respectfully submitted,
>
> By: **/s/ Zandro E. Palma**____
> ZANDRO E. PALMA, P.A.
> Florida Bar No.: 0024031
> 9100 S. Dadeland Blvd.
> Suite 1500
> Miami, FL 33156
> Telephone:      (305) 446-1500
> Facsimile:      (305) 446-1502
> zep@thepalmalawgroup.com
> *Attorney for Plaintiff*