UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

J.R. (a minor), by and through
her parent and natural guardian,
Shanelle D. Sillon, individually,

      Plaintiff,

v.                                    CASE NO. 3:22-cv-1447-BJD-MCR

US LEADER RESTAURANTS, LLC,
a/k/a Taco Bell,

      Defendant.
_____/

## **ORDER**

**THIS CAUSE** is before the Court on the Joint Motion for Approval of Settlement ("Motion") (Doc. 14), filed April 28, 2023. The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution on May 3, 2023. For the reasons stated herein, the Motion is **DENIED without prejudice** to filing a corrected Third Amended Complaint and an amended motion for approval of the parties' settlement agreement.

Plaintiff's original Complaint, her First Amended Complaint, and her Second Amended Complaint were all stricken pursuant to Judge Davis's Orders. (*See* Docs. 1, 4, 6, 7, 12.) On April 27, 2023, Plaintiff filed her Third Amended Complaint, seeking to recover, *inter alia*, unpaid minimum wages,

liquidated damages, reasonable attorney's fees and costs for Defendant's alleged failure to compensate her for statutory minimum wages. (Doc. 13 at 4-5, 10, 14.) Although parts of the Third Amended Complaint state that this action was brought "on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff" (*id.* at 2, 4-5, 7), such allegations were neither included in the caption of the pleading nor in other pertinent filings in the case, and no other similarly situated individuals have opted-in as plaintiffs in this case. In addition, it is unclear whether Plaintiff intended to include any state law claims in the Third Amended Complaint, because despite making references to Florida law in various places of her pleading, Plaintiff's only two counts are purportedly based solely on federal law. (*See generally id.*) Therefore, Plaintiff will be given an opportunity to file a corrected Third Amended Complaint, clarifying and/or correcting her allegations.

Even if the Court would ignore the deficiencies in the Third Amended Complaint, the Motion would still be denied. First, the Settlement Agreement and Mutual Release includes the minor Plaintiff's full name, appears to include numerous typographical errors as to Plaintiff's gender, cites to both federal and state law claims which seems inconsistent with the allegations in the operative pleading, and fails to cite to the correct Division of this Court. Overall, it appears that both the Third Amended Complaint

2

and the Settlement Agreement and Mutual Release include statements or allegations from other, unrelated cases.

Further, although the Settlement Agreement and Mutual Release is purportedly "absolutely confidential" (Doc. 14-1 at 9), it has been filed on the public docket and the parties have not sought to restrict the public access to the document, which in any event would have been improper. *See, e.g.*, *Bright v. Mental Health Resource Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 WL 868804, *3 (M.D. Fla. Mar. 14, 2012).

Moreover, the Settlement Agreement and Mutual Release includes a pervasive release of claims by Plaintiff without any additional consideration for such release. (*See* Doc. 14-1 at 4-6.) In *Moreno v. Regions Bank*, Judge Merryday found such a pervasive release of "a dizzying array of claims, known and unknown, against the defendant" to be unfair in an FLSA action. 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010). Judge Merryday explained:

> [A] pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer. . . . The employer who obtains a pervasive release receives either nothing (if no claim accrues) or a windfall at the expense of the unlucky employee. In either instance, the employee bears the risk of loss, and the employer always wins—a result that is inequitable and unfair in the circumstance. The employer's attempt to "play with house money" fails judicial scrutiny. . . . Although the parties' desire for complete "disengagement" is understandable, a pervasive release in settlement of an FLSA action is both unfair and incapable of valuation.

*Id.* at 1352.

Subsequently, in agreement with Judge Merryday, Judge Dalton reached the same conclusion in *Bright*:

> Pervasive, overly broad releases have no place in settlements of most FLSA claims. The FLSA requires employers to pay, unconditionally, a worker's wages. Employers cannot use the settlement of FLSA claims to extract a general release of claims before paying over the wages. This is unfair, and it provides employers with a windfall should some unknown claim accrue to the employee at a later time. Further, in the typical FLSA case, the indeterminate nature of general releases also prevents the Court from being able to evaluate the claims that have been waived by employees, thereby making a fairness determination difficult[,] if not impossible.

2012 WL 868804 at *4. Based on the foregoing, if the parties decide to proceed with the settlement after a corrected Third Amended Complaint is filed, they shall re-file the Settlement Agreement omitting the general release and otherwise complying with this Order.

In addition, the parties have included a provision in the Settlement Agreement and Mutual Release requesting that the Court retain jurisdiction to resolve disputes as to the enforcement of the agreement. (Doc. 14-1 at 9.) However, the Court's decision whether to retain jurisdiction over the terms of a settlement agreement is discretionary. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994); *Nissim Corp. v. Clearplay, Inc.*, 499 F. App'x 23, 30 (Fed. Cir. Jan. 30, 2013).

Finally, the Settlement Agreement and Mutual Release provides that Plaintiff will be compensated under the terms of the settlement as follows:

4

$1,500.00 in unpaid wages; $1,500.00 in liquidated damages; $4,000.00 in attorney's fees; and $500.00 in costs. (Doc. 14-1 at 3.) However, the parties have not provided Plaintiff's counsel's billing records. The Court will need to review these documents to determine whether the proposed settlement should be approved. Although the Court need not conduct an in-depth analysis of the reasonableness of counsel's fees given that the fees and costs were negotiated separately from the amount to be paid to Plaintiff, the Court still needs an adequate basis to determine the reasonableness of the fees and costs. To that end, the Court needs to review Plaintiff's counsel's contemporaneous time records, reflecting each billing time keeper, the billing rate of each time keeper, the amount of time billed, the tasks billed for, an itemization of any costs incurred, and any other evidence the parties wish the Court to consider in support of the fees and costs amount submitted for the Court's approval.

     Therefore, it is **ORDERED**:

     The Motion (**Doc. 14**) is **DENIED without prejudice** to filing a corrected Third Amended Complaint **no later than May 15, 2023**, and if the parties wish to proceed with the settlement, they shall file a renewed motion for approval of their settlement, attaching a copy of any revised settlement agreement and Plaintiff's counsel's billing records.

**DONE AND ORDERED** at Jacksonville, Florida, on May 5, 2023.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record