UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
CASE No.: 3:22-cv-01447

J.R. (a minor), by and through
her parent and natural guardian
Shanelle D. Sillon, individually

    Plaintiff,

v.

US LEADERS RESTAURANTS, LLC
a/k/a Taco Bell,

    Defendant.
_____/

**RENEWED JOINT MOTION REQUESTING**
**APPROVAL OF THE PARTIES' REVISED SETTLEMENT AGREEMENT**

Plaintiff, J.R., and Defendant, US LEADERS RESTAURANTS, LLC (collectively "the Parties"), having entered into a settlement agreement concerning Plaintiff's claims in her Corrected Third Amended Complaint [D.E.#16], jointly move this Court to approve the terms of the revised settlement agreement to resolve the above captioned matter and dismiss this case with prejudice. In support thereof, the parties state as follow:

**I.    LEGAL PRINCIPLES**

After engaging in settlement discussions, the parties have agreed to a Revised Settlement Agreement to fully settle and resolve any and all wage, hour, and related attorney fee and cost claims by Plaintiff in her Corrected Third Amended Complaint, including any and all of Plaintiff's FLSA claims, with the understanding that this action will be dismissed with prejudice as part of that settlement.

According to the case law regarding the settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the District Court with a proposed settlement and the district court enters an order approving the settlement. *Id*; *see also Sculte, Inc. v. Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961(5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's over-reaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.
> *Lynn's Food Stores*, 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by Plaintiff against her former employer, which

was adversarial in nature. During the litigation and settlement of this action, Plaintiff and the Defendant were represented by experienced counsel. After the suit was filed, the parties exchanged time and payroll records and other documentation. Settlement negotiations then continued and additional information was exchanged. Eventually, the parties were able to reach the terms of a final settlement, subject to court approval. Undersigned counsel for the Plaintiff has evaluated all of the circumstances including the amount of the proposed settlement and the strengths and weaknesses of the case. After carefully being advised, the parties have elected to accept the terms.

In addition, separate and apart from the settlement of Plaintiff's FLSA claims, or any agreement addressing Plaintiff's FLSA claims or related wage, hour or attorney fee or cost claims, and in consideration of a further payment of one hundred dollars ($100) to the Plaintiff, the Parties have also entered into a mutual non-disparagement agreement and Plaintiff has agreed to execute a general release in favor of Defendants.[1]

Counsel for Plaintiff represents that no retainer agreement or other arrangement shall override or alter the amount of settlement proceeds to be paid to Plaintiff or Plaintiff's counsel.

## II.   TERMS OF FLSA SETTLEMENT

### A.   PLAINTIFF'S RECOVERY

---

[1] In the interest of full disclosure, the Parties have also entered into a Non-Disparagement Agreement and General Release of Claims. However, the Parties are not seeking or requesting this Court's approval of the Non-Disparagement Agreement and General Release of Claims. The Non-Disparagement Agreement and General Release of Claims was entered into by the Parties as a means to separately address and resolve the acrimonious relationship between them and to avoid the possibility of future disputes and litigation between the Parties, separate and apart from the FLSA claims asserted by Plaintiff and the matters addressed and resolved under the Revised Settlement Agreement that has been submitted for the Court's approval.

Plaintiff will receive a total settlement in the amount of $3,000, representing $1,500 in alleged unpaid wages and $1,500 in liquidated damages. The settlement amount is a fair and reasonable compromise of Plaintiff's claims based upon disputed issues of fact and law between the parties.

Defendant denied any liability and disputed that Plaintiff had not been paid her wages subject to the minimum wage provisions of the Fair Labor Standards Act (FLSA). Concerning the number of hours worked by Plaintiff, Defendant maintained that it had adequately compensated the Plaintiff by paying her regular wages according to the Fair Labor Standards Act.

In this case, Defendant maintained time records and the Defendant disputed Plaintiff's estimations. While Plaintiff did work, it became undisputed that Defendant paid Plaintiff for all hours that appeared on his timecard. The issue in this case then became whether or not Defendant's time records were accurate and, if they were not, whether Defendant had actual or constructive knowledge of Plaintiff's alleged unpaid hours worked. Finally, the parties disputed whether liquidated damages were warranted given that Plaintiff was claiming hours worked by the clock and was not paid in full for the hours worked at Defendant's Restaurant, assuming such hours appeared on her timecard. The Parties agreed that Plaintiff's time estimations were unlikely to be substantiated at trial and that this case would have been expensive to litigate, given the disputed issues and amount of pending discovery, all of which could have been unlikely to definitely resolve this case for Plaintiff.

Moreover, had the case gone to trial, Plaintiff would have had to use an expert, and Defendant likely would have had to do the same. Given the number of disputed issues, the amount of controversy, and the cost of litigation (which easily would have exceeded the amount the parties

have agreed to settle this matter for), the parties believe that the settlement is a fair and reasonable compromise of a disputed claim.

### B.  ATTORNEY'S FEES/COSTS

Separately, Plaintiff's counsel will be paid $4,000 as payment for attorney's fees and $500 in legal costs. Plaintiff's attorney's fees and costs were negotiated separately from Plaintiff's settlement and without regard to the amount to be paid to Plaintiff. As such, no judicial review is necessary. *See Bonetti v. Embarq Mgmt. Co.,* 2009 WL 2371407, * 5 (M.D. Fla. Aug. 4, 2009). Attached hereto as Exhibit A are attorney time and cost ledgers generated by Plaintiff's counsel, which Plaintiff's counsel represents reflect the attorney time and costs incurred in connection with this matter on Plaintiffs behalf.

### III.  ANALYSIS

The instant case plainly involves a situation in which the Court may allow Plaintiff to settle and release her claims against Defendant. The proposed settlement arises out of an adversarial context. Defendant clearly dispute Plaintiff's claims and whether she is entitled to any recovery at all but have opted to make this settlement payment given the disruption and expense of continued litigation. All Parties have been represented by experienced labor counsel throughout this litigation. The Parties agreed to the terms of this settlement after they were counseled by their respective attorneys. There is no fraud or collusion behind the settlement, which was the product of arm-length bargaining and negotiation over a course of time.

CASE No.: 3:22-cv-01447

## IV. CONCLUSION

The Parties jointly move this Court to approve the proposed settlement of the instant case.

By Plaintiff:        s/ *Zandro E. Palma, Esq*.

**ZANDRO E. PALMA, ESQ**.
FLORIDA BAR NO. 24031
zep@thepalmalawgroup.com

**ZANDRO E. PALMA, P.A.**
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Tel (305) 446-1500
Fax (305) 446-1502

By Defendant        s/ *Frances Allegra, Esq.*
FLORIDA BAR NO. 881368
Frances.Allegra@csklegal.com

**COLE SCOTT & KISSANE, PA**
9150 S. Dadeland Blvd., Ste. 1400
Miami, Florida 33156
Tel: 786-268-6788
Fax: 305-373-2294

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other

CASE No.: 3:22-cv-01447

authorized manner for those counsels or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully Submitted

# EXHIBIT A

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX